IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIM. CASE NO. 1:21-cr-280-ECM |
| | ) |
| ANGELO DUNN, *et al.* | ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the court are Defendants Angelo Dunn and Shanna Collins' motions to continue trial (docs. 146 and 147). Jury selection and trial are presently set on the term of court commencing on April 18, 2022. For the reasons set forth below, the court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h)(7).

While the trial judge enjoys great discretion when determining whether to grant a continuance, the court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986). The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether to grant a continuance under § 3161(h)(7), the court "shall consider,"

among other factors, whether denial of a continuance would likely "result in a miscarriage of justice," or "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(i), (iv).

Counsel for the Defendants represent that there is voluminous discovery, and counsel needs additional time to review discovery, meet with their respective Defendant and discuss strategies and options. The United States does not oppose a continuance. The two other defendants represented to the Court that they do not oppose a continuance. "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). The court concludes that the Defendants should be tried with his co-defendants because a joint trial serves the interests of judicial administration and economy. Accordingly, the Court concludes that the ends of justice served by continuing trial outweigh the best interest of the public and the Defendants in a speedy trial. Thus, for good cause, it is

ORDERED that the motions to continue (doc. 146 and 147) are GRANTED, and jury selection and trial are CONTINUED from April 18, 2022, to the criminal term of court set to commence on July 11, 2022, at 10:00 a.m. in Dothan, Alabama. All deadlines tied to the trial date are adjusted accordingly.

The United States Magistrate Judge shall conduct a pretrial conference prior to the July trial term.

Done this 18th day of March, 2022.

/s/Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE